UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISANDRA DELGADO | : |
| Administratrix of the | : |
| Estate of Jose Luis Delgado, | : |
|     Plaintiff, | : |
| | : |
| v. | :     3:16-cv-01123-WWE |
| | : |
| CITY OF HARTFORD, | : |
| JAMES ROVELLA, FELIX ORTIZ, | : |
| STEVEN PILESKI, | : |
|     Defendants. | : |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

This action arises out of a late-night police pursuit of Jose Luis Delgado by defendant police officers Felix Ortiz and Steven Pileski. Delgado died after his motorcycle crashed into a Jersey Barrier near an entrance to Interstate 91.

Plaintiff alleges that Ortiz and Pileski violated the Hartford Police Department pursuit policy by (1) failing to account for the seriousness of the offense and the relative performance capabilities of Delgado's motorcycle when they engaged in pursuit and (2) failing to immediately notify central dispatch of the pursuit in accordance with pursuit policy guidelines (Count I); the City of Hartford and Chief Rovella failed to provide adequate training in pursuit policies, in violation of the Uniform Statewide Pursuit Policy (Count II); the City and Rovella failed to discipline Ortiz for his prior violations of the pursuit policy (Count III); the City, Rovella, and Ortiz violated Delgado's Fourth Amendment right to be free from unreasonable seizure, and the City's failure to train its police officers amounts to a pattern or practice (Count IV); the City and Rovella violated a consent decree entered into by the City pursuant to Cintron v. Vaughn 3:69cv13578 (EBB) (Count V); the City failed to adopt an adequate pursuit policy

(Count VI). Ortiz's and Pileski's actions amounted to intentional infliction of emotional distress (Count VII); Ortiz's actions amounted to negligent infliction of emotional distress (Count VIII); Ortiz's and Pileski's actions amounted to "negligent pursuit" in that they failed to recognize the extreme dangers of a pursuit under the circumstances (Count IX); Ortiz's and Pileski's actions amounted to recklessness in that they knew or should have known that violating the pursuit policies would likely lead to serious injuries or even the death of Delgado (Count X).

The City of Hartford and Chief Rovella have moved to dismiss counts IV and V. For the following reasons, defendants' motion will be granted in part and denied in part.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Count IV**

Count IV alleges that Sgt. Ortiz's conduct in pursuing Delgado violated Delgado's Fourth Amendment right to be free from unreasonable seizure; and that the City of Hartford and Chief Rovella should be held responsible for the violation based on their failure to train Sgt. Ortiz.

2

Defendants argue that Count IV should be dismissed, as police pursuit does not constitute a seizure under the Fourth Amendment, and a Monell claim may not be maintained absent an underlying constitutional violation. Indeed, the Supreme Court has held that the Fourth Amendment reasonableness standard does not apply in this exact scenario – a high-speed chase that resulted in the death of a motorcycle passenger – as police pursuit is not a seizure. County of Sacramento v. Lewis, 523 U.S. 833, 842-45 (1998).

> The Fourth Amendment covers only "searches and seizures," neither of which took place here. No one suggests that there was a search, and our cases foreclose finding a seizure. We held in *California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 1550–1551, 113 L.Ed.2d 690 (1991), that a police pursuit in attempting to seize a person does not amount to a "seizure" within the meaning of the Fourth Amendment. And in *Brower v. County of Inyo,* 489 U.S. 593, 596–597, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989), we explained that "a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied.*" We illustrated the point by saying that no Fourth Amendment seizure would take place where a "pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit," but accidentally stopped the suspect by crashing into him. *Id.,* at 597, 109 S.Ct., at 1381–1382. That is exactly this case. See, *e.g., Campbell v. White,* 916 F.2d 421, 423 (C.A.7 1990) (following *Brower* and finding no seizure where a police officer accidentally struck and killed a fleeing motorcyclist during a high-speed pursuit), cert. denied, 499 U.S. 922, 111 S.Ct. 1314, 113 L.Ed.2d 248 (1991).

Lewis, 523 U.S. at 843-44. Plaintiff's attempts to distinguish the instant case from Lewis are unavailing. Accordingly, Count IV will be dismissed.

**Count V**

Count V alleges that the City is party to a 1973 consent decree resulting from the case of Cintron v. Vaughn, which requires the City to train its officers in the prevention of violations of the rights of citizens in light of Hartford's systemic pattern of police misconduct. Defendants

3

argue that plaintiff has no standing to seek enforcement of the consent decree in a case to which she is not a party.  See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 749 (1975).  However, consistent with Rule 71, intended third-party beneficiaries of a consent decree may sue to enforce the decree.  See Brennan v. Nassau, 352 F.3d 60, 65 (2d Cir. 2003); Berger v. Heckler, 771 F.2d 1556, 1565 (2d Cir. 1985); see also U.S. v. FMC Corp., 531 F.3d 813, 820 (9th Cir. 2008) (collecting cases).  Accordingly, Count V will not be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part.  Count IV is dismissed but Count V remains.

Dated this 15th day of November, 2017, at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE